UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. CONOVER,<br><br>    Plaintiff,<br><br>    v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY INC.,<br><br>    Defendant. | Case No. 14-cv-03065-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

## I.  INTRODUCTION

Before the Court is Defendant Financial Industry Regulatory Authority, Inc.'s ("FINRA") Motion to Dismiss, filed August 14, 2014.  Dkt. No. 13.  Plaintiff Jeffrey S. Conover has filed an Opposition (Dkt. No. 17).  The Court finds this motion suitable for disposition without oral argument and VACATES the September 25, 2014 hearing.  Civ. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** FINRA's Motion for the reasons set forth below.

## II.  BACKGROUND

### A.  FINRA's Legal Status and Function

FINRA is a private, not-for-profit Delaware corporation functioning as a self-regulatory organization ("SRO") registered with the Securities and Exchange Commission ("SEC") as a national securities association pursuant to the Maloney Act amendments to the Securities Exchange Act of 1934 ("Exchange Act").  15 U.S.C. § 78o-3, *et seq.*; *Karsner v. Lothian*, 532 F.3d 876, 880 (D.C. Cir. 2008) ("FINRA . . . is 'the only officially registered "national securities association" under [the Exchange Act].'") (internal citation omitted).  As an SRO, FINRA is part of the Exchange Act's comprehensive plan for regulating the securities markets.  15 U.S.C. §§ 78q, 78s; *Desiderio v. NASD, Inc.*, 191 F.3d 198, 201 (2d Cir. 1999), *cert. denied*, 531 U.S. 1069

(2001).

FINRA "supervises the conduct of its members under the general aegis of the SEC." *Sparta Surgical Corp. v. NASD, Inc.*, 159 F.3d 1209, 1210 (9th Cir. 1998). As part of its regulatory duties, FINRA conducts inquiries and investigations based on investor complaints and suspicious activity. FINRA Rule 8210.[1] FINRA has the "power to discipline its members who fail to conform to the standard of conduct established by the organization." *First Jersey Secs., Inc. v. Bergen*, 605 F.2d 690, 693 (3d Cir. 1979), *cert. denied*, 444 U.S. 1074 (1980); *see also* 15 U.S.C. § 78o-3(b)(7). FINRA conducts investigations and examinations pursuant to FINRA Rules, and creates and maintains case files related to investor complaints as part of its regulatory duties. Def.'s Mot. at 2. FINRA's files are not publicly available. *Id.*

**B.   This Lawsuit and the Underlying Claim**

On or about February 26, 2014, Plaintiff submitted a written complaint to FINRA alleging that his father's "assets were illegally transferred to another account at ETrade." Dettmer Decl., Ex. A ("Complaint Letter").[2] Plaintiff stated in his letter that his father had his assets stolen prior to his death, and that he "believe[d] the assets were transferred" to other individuals. *Id.* On or about March 19, 2014, FINRA sent correspondence to Plaintiff indicating that it "asked [E*TRADE Securities LLC] to provide directly to [him] a response that fully explains and resolves the issues [he] raised." Compl., Ex. 1. The letter identified the internal file number that FINRA assigned to Plaintiff's complaint, which was FINRA Case No. 20140404488. *Id.* Then, on April 9, 2014, FINRA sent a second letter to Plaintiff indicating that FINRA had "completed its review of the complaint [he] submitted on February 27, 2014." Compl., Ex. 2. In that letter, FINRA explained that it had "made an inquiry to E*TRADE requesting a response to the issues raised in [Plaintiff's] complaint. [E*TRADE] provided a response to FINRA indicating that it

---

[1] The FINRA Rules are contained in the FINRA Manual and are available at http://finra.complinet.com/.
[2] The Complaint Letter resulted in FINRA opening the file sought by Plaintiff in this action. Accordingly, because it is referenced by Plaintiff in the present Complaint, and Plaintiff does not dispute its authenticity, it can properly be considered by this Court without converting FINRA's Motion into a motion for summary judgment. *In re Google, Inc. S'holder Derivative Litig.*, 2013 WL 5402220, at *3 (N.D. Cal. Sep. 26, 2013) (citing *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)).

2

1  ha[d] no record of an account being established for" Plaintiff, his father, or other individuals
2  named in Plaintiff's correspondence to FINRA and E*TRADE.  *Id.*  The letter told Plaintiff that
3  FINRA would "take no further action concerning [his] complaint at this time."  *Id.*

4  On or about July 3, 2014, Plaintiff initiated this action, asking the Court to "allow [him] a
5  subpoena to obtain the entire case file for FINRA case 20140404488," which he intends to use "to
6  negotiate the rightful transfer of my rightful inheritance."  Compl. ¶ 6.  He brings one cause of
7  action – "Personal Injury Tort."  *Id.* ¶ 2.

8  FINRA filed the present Motion to Dismiss on August 14, 2014, under Federal Rules of
9  Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3).  FINRA raises five arguments in support of
10 dismissal: (1) Plaintiff lacks standing as there is no causal connection between his alleged personal
11 injury tort and conduct on the part of FINRA; (2) the case is moot because, as stated in his
12 Complaint, Plaintiff's "only Demand for relief is that the Court allow [him] a subpoena to obtain
13 the entire case file for FINRA case 20140404488," and FINRA has since sent Plaintiff a copy of
14 the file on August 5, 2014; (3) subject matter jurisdiction is lacking because Plaintiff alleges
15 federal question jurisdiction, but his personal injury tort claim is created by state law; (4) no
16 private right of action exists against an SRO, like FINRA, for actions it takes pursuant to its
17 regulatory authority; and (5) to the extent Plaintiff's Complaint could be read to allege a damage
18 claim against FINRA, FINRA's investigation of Plaintiff's complaint falls with its regulatory
19 function to investigate and regulate its members, and FINRA therefore enjoys immunity from any
20 damage claims.  Def.'s Mot. at 3-7.

21 Plaintiff filed his Opposition on August 19, 2014.  Dkt. No. 17.  He argues that his case is
22 not moot "because obtaining the subpoena'd [sic] documents will assist me in obtaining my
23 rightful inheritance for those that possess these assets now."  Pl.'s Opp'n at 2.  He further argues
24 that subject matter jurisdiction exists "because FINRA claims to rely on federal laws to be a self-
25 regulatory agency."  *Id.*

## III.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(1)

28 Federal courts are courts of limited jurisdiction and these limits, whether imposed by the

3

1  Constitution or by Congress, cannot be disregarded or evaded.  *Kokkonen v. Guardian Life Ins.*
2  *Co. of Amer.*, 511 U.S. 375, 377 (1994); *Al Nieto v. Ecker*, 845 F.2d 868, 871 (9th Cir. 1988)
3  (holding that a federal court's "power to adjudicate claims is limited to that granted by Congress,
4  and such grants are not to be lightly inferred").  Federal courts have original jurisdiction over
5  cases that involve diversity of citizenship, a federal question, or cases to which the United States is
6  a party.  *Kokkonen*, 511 U.S. at 377 (1994).  A federal court is presumed to lack jurisdiction in a
7  particular case unless the contrary affirmatively appears.  *Cal. ex rel. Younger v. Andrus*, 608 F.2d
8  1247, 1249 (9th Cir. 1979).

9  A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court.
10  *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert denied*, 541
11  U.S. 1009 (2004).  Courts will not infer evidence supporting federal subject matter jurisdiction.
12  *Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the federal court's]
13  limited jurisdiction.").  The burden of proof on a Rule 12(b)(1) motion is on a party asserting
14  jurisdiction.  *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).  "If
15  jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under
16  federal law and that the claim is not frivolous."  *Campbell v. Handlery Union Square Hotel*, 2012
17  WL 3158840, at *2 (N.D. Cal. Aug. 2, 2012) (citation omitted).  "On the other hand, if jurisdiction
18  is based on diversity of citizenship, the pleader must show real and complete diversity, and also
19  that his asserted claim exceeds the requisite jurisdictional amount of $75,000."  *Id.*

20  **B.     Federal Rule of Civil Procedure 12(b)(6)**

21  Under Rule 12(b)(6), a party may file a motion to dismiss based on the failure to state a
22  claim upon which relief may be granted.  A Rule 12(b)(6) motion challenges the sufficiency of a
23  complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face."
24  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial plausibility standard is not a
25  "probability requirement" but mandates "more than a sheer possibility that a defendant has acted
26  unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations
27  omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual
28  allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the

1  non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.
2  2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of
3  sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*,
4  534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v.
5  Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the
6  basis of a dispositive issue of law.").

7  Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only
8  required to make "a short and plain statement of the claim showing that the pleader is entitled to
9  relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of
10  a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).
11  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to
12  dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652
13  F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply
14  recite the elements of a cause of action, but must contain sufficient allegations of underlying facts
15  to give fair notice and to enable the opposing party to defend itself effectively"). The court must
16  be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."
17  *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . .
18  [is] a context-specific task that requires the reviewing court to draw on its judicial experience and
19  common sense." *Id.* at 679.

## IV.  DISCUSSION

**A.    Plaintiff has Failed to Establish Subject Matter Jurisdiction**

   1.    <u>The Court Lacks Jurisdiction Over Plaintiff's Tort Claim</u>

Plaintiff's Complaint alleges that the case presents a federal question because it involves "personal injury tort." Compl. ¶ 2. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Tort-based claims do not fall within the limited jurisdiction of federal courts. *Cobb v. Brede*, 2012 WL 33242, at *2 (N.D. Cal. Jan. 6,

1    2012), *aff'd*, 517 F. App'x 556 (9th Cir. 2013); *see also Hunter v. United Van Lines*, 746 F.2d

2    635, 644 (9th Cir. 1984).  Thus, because Plaintiff's personal injury tort claim is based in state law,

3    it is not properly before this Court as a federal question.  *Davis v. Ford Motor Co.*, 2009 WL

4    250708, at *1 (N.D. Cal. Jan. 30, 2009) ("This court does not have subject matter jurisdiction over

5    a . . . complaint involving only state law tort actions without a federal question or federal statute at

6    issue.").[3]

### 2. Plaintiff Lacks Standing

8    Even if Plaintiff were able to establish that jurisdiction is possible, standing is lacking.

9    "Because standing ... pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it

10   is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)...."

11   *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  There are three threshold elements that

12   Plaintiff must establish to demonstrate that he has standing to sue in federal court: (1) "the

13   plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is

14   (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical'"; (2)

15   "there must be a causal connection between the injury and the conduct complained of – the injury

16   has to be 'fairly … trace[able] to the challenged action of the defendant, and not . . . the result [of]

17   the independent action of some third party not before the court'"; and (3) "it must be 'likely,' as

18   opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Lujan*

19   *v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations

20   omitted).  In order to survive a motion to dismiss, Plaintiff bears the burden of establishing these

21   elements.  *Id.*

22   Here, Plaintiff has failed to meet this burden.  First, although Plaintiff alleges that he has

23   suffered "personal injury with [his] inability to manage [his] rightful inheritance," Compl. ¶ 5, he

24   fails to allege that there is any causal connection between this alleged injury and conduct on the

25   part of FINRA.  Based on review of the Complaint, Plaintiff sued FINRA to obtain a file related to

26   a complaint he made with FINRA in order to "negotiate the rightful transfer of [his] rightful

---

[3] Further, although Plaintiff has not asserted diversity jurisdiction, the Court need not address this issue as dismissal is appropriate for any of the other reasons addressed in this Order.

inheritance from presumably [his] brother . . . and possibly [his] sister . . . ." Compl. ¶ 6.  Even if Plaintiff were to obtain an order that required FINRA to produce the file, possession of the file would not redress the personal injury that Plaintiff alleges.

### 3. The Case is Moot

Even assuming that Plaintiff presented a case or controversy at the time of filing, FINRA produced the file on August 5, 2014.  Def.'s Mot. at 5.  "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal quotation marks and citations omitted).  A case becomes moot "if the dispute is no longer embedded in any actual controversy about the plaintiff's particular legal rights." *Already LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (quoting *Alvarez*, 558 U.S. at 93) (internal quotation marks omitted).  In this case, Plaintiff's "only Demand for relief is that the Court allow [him] a subpoena to obtain the entire case file for FINRA case 20140404488." Compl. ¶ 6.  However, on August 5, 2014, FINRA produced a copy of FINRA's file in FINRA Case No. 20140404488.  Thus, FINRA's production of the file sought by Plaintiff renders this case moot as "an event occur[red] that prevents the court from granting effective relief," and there is no longer a live controversy.  *Conservation Congress v. U.S. Forest Srvc.*, 720 F.3d 1048, 1053 (9th Cir. 2013), s*ee also NASD Dispute Resolution v. Judicial Council of CA*, 488 F.3d 1065, 1068 (9th Cir. 2007).  Thus, dismissal is appropriate on this ground as well.

### B. **Plaintiff Fails to State a Claim**

#### 1. There is No Private Right of Action Under the Exchange Act

Even if the Court found that subject matter jurisdiction exists, dismissal is proper because Plaintiff's claim is untenable.  No private right of action exists against an SRO, like FINRA, for actions it takes pursuant to its regulatory authority.  *Sparta*, 159 F.3d at 1213 ("[A] party has no private right of action against an exchange . . . for actions taken to perform its self-regulatory duties under the Act.") (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 681 (9th Cir. 1980)).  Thus, as FINRA's investigation of Plaintiff's complaint falls within its regulatory functions to investigate and regulate its members, Plaintiff cannot pursue a private right of action against FINRA.

### 2. FINRA is Entitled to Immunity

Plaintiff's claim is also properly dismissed on the basis of immunity. "[A] self-regulatory organization is immune from liability based on the discharge of its duties under the Exchange Act." *Id.* Thus, FINRA is immune "when acting in an adjudicatory, prosecutorial, arbitrative or regulatory capacity." *Id.* at 1214-15 ("[W]hen Congress elected 'cooperative regulation' as the primary means of regulating the over-the-counter market, the consequence was that self-regulatory organizations had to enjoy freedom from civil liability when they acted in their regulatory capacity."); *see also P'ship Exch. Sec. Co. v. NASD*, 169 F.3d 606, 608 (9th Cir. 1999) (holding that the NASD was protected by absolute immunity for its actions taken "under the authority delegated to it by the Exchange Act"). Here, Plaintiff's Complaint centers on his request for FINRA's case file. However, to the extent it could also be read to allege a claim for damages based on FINRA's discharge of its duties under the Exchange Act, this falls with its regulatory function to investigate and regulate its members. Thus, FINRA is immune from any such claim. *Sparta*, 159 F.3d at 1213.

## V. CONCLUSION

Based on the analysis above, the Court GRANTS FINRA's Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Even if jurisdiction did exist, dismissal is proper under Rule 12(b)(6) as there is no private right of action under the Exchange Act and FINRA is entitled to immunity. As leave to amend would be futile, dismissal is WITH PREJUDICE. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (internal quotation marks and citations omitted). The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: August 28, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. CONOVER,<br><br>    Plaintiff,<br><br>    v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY INC.,<br><br>    Defendant. | Case No.   14-cv-03065-MEJ<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/28/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffrey S. Conover
117 Bernal Rd 70188
San Jose, CA 95519

Dated: 8/28/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES