UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. CONOVER, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br> FINANCIAL INDUSTRY REGULATORY AUTHORITY INC., <br><br>　　　　Defendant. | Case No. 14-cv-03065-MEJ <br><br> **ORDER RE: MOTION FOR RELIEF UNDER FED. R. CIV. P. 60(b)** <br><br> Re: Dkt. No. 21 |

On August 28, 2014, the Court granted Defendant Financial Industry Regulatory Authority, Inc.'s Motion to Dismiss. *Order re: Motion to Dismiss*, Dkt. No. 20. Now before the Court is Plaintiff Jeffrey S. Conover's Motion for "Relief from Order," filed September 2, 2014. Dkt. No. 21. In his Motion, Plaintiff argues that the Court's dismissal "is in violation of 28 USC 723B 12(a)(4)(B)(i) 'and a motion under Rule 12(c) must be heard and decide before trial.' It may even violated [sic] 42 USC 1985. I seek relief Relief from this Order according to USC 723b Rule 60." Mot. at 2.

The Court construes Plaintiff's Motion as a motion for relief from a final order pursuant to Federal Rule of Civil Procedure 60(b). Under Rule 60(b):

> the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud ... misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

applying it prospectively is no longer equitable; or

(6) any other reason that justified relief.

Fed. R. Civ. P. 60(b).

Plaintiff has not satisfied any of the grounds for Rule 60(b) relief.  Instead, he appears to be reasserting his claim and states that he "ha[s] ask[ed] for plenty of time to Hear the Mtion [sic] for Relief from Order so that I may may [sic] a mutually acceptable settlement offer."  Mot. at 2. "It is not the proper function of a Rule 60(b) motion to reargue matters that have already been litigated." *Ctr. for Biological Diversity v. Norton*, 304 F. Supp. 2d 1174, 1178 (D. Ariz. 2003). Further, as the Court indicated in its prior order, it does not have jurisdiction to review Plaintiff's tort-based claim, as it is based in state law and not properly before this Court.  *Order re: Motion to Dismiss* at 5-6.  Even if jurisdiction did exist, Plaintiff's claim is untenable because there is no private right of action exists Defendant for actions it takes pursuant to its regulatory authority.  *Id.* at 7.

Accordingly, Plaintiff's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 5, 2014

_____

MARIA-ELENA JAMES  
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. CONOVER,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY INC.,<br><br>    Defendant. | Case No.  14-cv-03065-MEJ<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/5/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffrey S. Conover
117 Bernal Rd 70188
San Jose, CA 95519

Dated: 9/5/2014

                                            Richard W. Wieking
                                            Clerk, United States District Court

By:_____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES